No. 30,477.

PATRICK McMAHON, *Appellee,* v. THE DARBY PRODUCTS AND STEEL PLATE CORPORATION and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellants.*

(8 P. 2d 395.)

Opinion filed March 5, 1932.

*W. L. Wood* and *T. F. Railsback,* both of Kansas City, for the appellants.
*William H. McHale* and *A. M. Etchen,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. The sole question before the compensation commissioner and the trial court was the extent of the workman's disability. The trial court found his disability to be total and permanent and adjudged compensation accordingly. The employer's insurance carrier has appealed and contends that the findings and judgment of the trial court are not supported by the evidence. This court does not weigh evidence in cases of this character, hence the only question for our consideration is whether there is substantial competent evidence to support the judgment of the trial court.

At the beginning of the hearing before the examiner for the compensation commissioner counsel for the employer and its insurance carrier dictated into the record a stipulation that the employer was operating under the compensation act; that the claimant was in its employ at a weekly wage of $20; that on April 28, 1930, claimant sustained an accidental injury arising out of and in the course of his employment; that notice and demand for compensation, within the statutory time, were given; that the employer and its insurance carrier have paid compensation at the rate of $12 per week to January 12, 1931, and have tendered compensation at the rate of $10.80

per week, "and admit liability for compensation at the latter rate at this time," and had furnished medical and hospital attention. On being questioned by the examiner: "How do you arrive at $10.80?" counsel answered: "On the basis of ninety (90%) per.cent permanent partial disability." In view of these stipulations and admissions the examiner regarded the question left at issue was whether "claimant has a disability of more than ninety per cent."

The evidence disclosed that the employee, a boilermaker's helper, was working on a scaffold, which gave way, and he fell about twenty-five feet to a cement floor, which he struck on his entire left side. He was rendered unconscious and taken to a hospital, where he was treated from April 25 to July 10. His left leg was severely injured. The leg bones appear not to have been broken, but the leg was still numb at the time of the hearing in March, 1931. He sustained a compound fracture of the humerus of the left arm near the elbow, the lower end of which it was necessary to remove surgically, so there was no longer a connection at the elbow between the humerus and the ulna and radius of the arm. The result was, the forearm would fall of its own weight, or could be moved in any direction. A brace was placed on the elbow to prevent it from moving downward or backward. X-ray examinations made in March, 1931, reveal a marked atrophy of the soft parts over the shoulder joint with spotty type of osteoporosity—a rotting away of the bone because of loss of lime salts. Three ribs of the left side were fractured. These had knit before the hearing. He also sustained a fracture of both rami of the pubis on the left running into the acetabulum—the socket of the hip joint. These fractured lines involve the articular surface near the greatest point of stress between the femur and acetabulum. The inner. lining of the acetabulum is a cartilage which does not regenerate. The result is a disability in the hip joint, leaving a malformation at the point of greatest stress, which causes pain and weakness and throws the body out of line, as though leaning or listing to the left. This was the condition at the time of the hearing. There was a marked atrophy of the muscles of the left arm, due, perhaps, to disuse. There was also a marked atrophy of the body muscles of the left shoulder and of the left side. The great amount of this could not be due to disuse. Atrophy may be due to injury, and this may have resulted from injury to the brachical plexus, where the nerves extending to those muscles come from the neck.

There is evidence that after the hand of his injured arm was placed in position by the other hand he did have sufficient grip in it to have five per cent of its normal use. There is also evidence that he could stand on his fractured hip, although he did so with pain, and that he had some use of his left leg, although it was numb, and that there was some use of the greatly atrophied muscles of the shoulder and left side. His own evidence was that he was unable to do any work, and one of the medical witnesses testified:

"I don't think he is able to labor. I don't know of a labor organization or a big business that would give him a job in the present condition he is in."

And substantially all of the medical testimony was that his injuries are permanent. From this evidence the compensation commissioner found him to be totally disabled, within the meaning of the compensation law. The trial court considered the evidence and reached the same conclusion. It is clear that the finding and judgment of the trial court are supported by ample, competent evidence.

In this court appellant argues that the judgment of the court below should be modified so as to allow compensation for temporary total disability to March 16, 1931, the date of the hearing before the examiner for the compensation commissioner, and that the only award for compensation since that date should be for ninety-five per cent of the loss of the use of the left arm as a scheduled injury. We cannot find that any request tantamount to this was made in the court below, and for that reason alone the request should not be granted. Aside from that, it is clear plaintiff's injury at this time is much greater than to the arm. The atrophied muscles on the left side of the body and the injury to the acetabulum are not to be disregarded.

The result is, the judgment of the court below must be affirmed. It is so ordered.